UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware Corporation; WARNER BROS. RECORDS, INC., a Delaware Corporation; ARISTA RECORDS, INC., a Delaware Corporation; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT, INC., a Delaware Corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>                  Plaintiffs,<br><br>v.<br>JIM FITZPATRICK,<br><br>                  Defendant. | CIVIL ACTION No. 04-CV-40168 FDS |

**STATEMENT PURSUANT TO LOCAL RULE 16.1(D)**

The parties in the above-captioned action have discussed a plan of discovery and Plaintiffs submit the within Statement pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D).

I.    INTRODUCTION

The following Statement is submitted by the Plaintiffs in this case pursuant to Local Rule 16.1(D). This Statement includes: (1) a discovery plan and schedule; and (2) a proposed schedule for the filing of motions. While Plaintiffs believe this statement represents the positions of all parties, we have been unable to obtain confirmation of this from Defendant's counsel. Assuming that confirmation is provided by Defendant's counsel, this submission could then be considered a Joint Statement.

While the parties agree on the proposed schedule set forth in this Statement, they understand that this proposed schedule shall be considered by the Court as advisory only. The

purpose of this Statement is to advise the Court of the parties' best estimates as to the time they will require to accomplish the specified pre-trial tasks.

In addition, appended to this Statement is a certification by the Plaintiffs and their counsel, affirming that Plaintiffs and their counsel have conferred with respect to establishing a budget for the cost of conducting the various courses of litigation and considering the resolution of this litigation through the use of an appropriate alternative dispute resolution program.

II.  DISCOVERY PLAN

The parties have made attempts to settle the case and intend to continue to seek a mutually agreeable solution to this matter. In the event that settlement efforts prove unsuccessful, the Plaintiffs submit the following proposed schedule for discovery in this case, which, upon information and belief, represents the positions of the parties:

A.  Automatic Disclosure: Automatic disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before 14 days from the day the court approves a discovery schedule.

B.  Fact Discovery: The parties complete fact discovery within 180 days of the exchange of automatic disclosures pursuant to Rule 26(a)(1). The parties see no need to conduct discovery in phases or for other limitations in discovery at this time.

C.  Expert Witnesses:

The parties have agreed on all aspects of expert discovery except for expert disclosure dates. In that regard, Plaintiffs propose the following:

> The parties will disclose the names, employers, and business addresses of all expert witnesses who will testify at trial on issues upon which that party bears the burden of proof and will provide all other information as required by Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure within 30 days of the close of fact discovery.

Defendant has proposed the following:

> The parties will disclose the names, employers, and business addresses of all expert witnesses who will testify at trial on issues upon which that party bears the burden of proof and will provide all other information as required by Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure within 90 days of Automatic Disclosures.

Otherwise, the parties are agreed that they shall serve expert reports as required by Rule 26(a)(2)(B) within 30 days of the expert disclosure. The parties will disclose the names, employers, and business addresses of all rebuttal expert witnesses who will testify at trial and will provide all other information as required by Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure within 60 days of service of expert reports. The parties shall serve rebuttal expert reports as required by Rule 26(a)(2)(B) within 60 days of service of expert reports. The defendant will disclose the names, employers, and business addresses of its expert witnesses and information required by Rule 26(a)(2) of the Federal Rules of Civil Procedure by thirty (30) days after the plaintiff's expert disclosure pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

      D.     <u>Expert Discovery</u>: Each party may be permitted without further order of the Court to take one deposition of each expert named pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure within 60 days of service of the expert's report under Rule 26(a)(B).

III.     <u>PROPOSED SCHEDULE FOR FILING OF MOTIONS</u>

Any motions pursuant to Rules 12, 15, 19 and 20 of the Federal Rules of Civil Procedure and summary judgment motions, if any, shall be filed by no later than 60 days from the close of expert discovery. Any opposition shall be filed within twenty (20) days of the filing of said motion, unless the parties agree otherwise. Pursuant to Local Rule 7.1(B)(3), the parties retain the right to seek leave to file additional papers with the Court.

IV.    <u>PROPOSED SCHEDULE FOR PRE-TRIAL CONFERENCE</u>

The parties propose that the Court schedule the pre-trial conference for 30 days from entry of the Court's determination of all dispositive motions, if any, or 30 days from the deadline to file dispositive motions, if no dispositive motions are filed within 60 days of the close of expert discovery.

V.    <u>AGENDA OF ITEMS TO BE DISCUSSED AT SCHEDULING CONFERENCE</u>

The parties propose that the following items be discussed at the upcoming Scheduling Conference:  adoption of the joint proposed discovery plan and motion schedule.

VI. <u>STATEMENT CONCERNING TRIAL BY MAGISTRATE JUDGE</u>

The parties do not consent to trial by a magistrate judge.

        CAPITOL RECORDS, INC., WARNER BROS. RECORDS, INC., ARISTA RECORDS, INC., BMG MUSIC, SONY MUSIC ENTERTAINMENT, INC., and UMG RECORDINGS, INC.,

        /s/ Gabriel M. Helmer
Colin J. Zick  (BBO #556538)
Gabriel M. Helmer (BBO #648090)
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA  02210
(617) 832-1000

ATTORNEYS FOR PLAINTIFFS

Dated: November 17, 2004