UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVSION

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware Corporation; WARNER BROS. RECORDS, INC., a Delaware Corporation; ARISTA RECORDS, INC., a Delaware Corporation; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT, INC., a Delaware Corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>JIM FITZPATRICK,<br><br>    Defendant. | CIVIL ACTION No. 04-CV-40168 FDS |

**PLAINTIFFS' MOTION PURSUANT TO LOCAL RULE 16.1(G)
FOR EXTENSION OF TIME TO CONTINUE FACT DISCOVERY AND
FOR RELIEF FROM LOCAL RULE 26.1(C) LIMITATIONS ON THE NUMBER OF
SETS OF REQUESTS FOR PRODUCTION THAT MAY BE SERVED**

Plaintiffs Capitol Records, Inc., Warner Bros. Records, Inc., Arista Records, Inc., BMG Music, Sony Music Entertainment, Inc., and UMG Recordings, Inc., (collectively, "Plaintiffs") hereby request that the Court enter an order pursuant to Local Rule 16.1(G):

(1) extending the deadline for fact discovery by three (3) months, to August 31, 2005; and

(2) allowing the Plaintiffs to submit a third set of requests for production of documents and things to Defendant, directed to the production and inspection of the computer equipment in the Defendant's possession, custody or control.

B3040257.4

Plaintiffs believe that the "good cause" requirement applicable to this request pursuant to Local Rule 16.1(G) is satisfied in this circumstance and attach the Affidavit of Gabriel M. Helmer, Esq. in support of this motion.

In this matter, the required "good cause" for modification of the existing discovery schedule exists for a number of reasons. First, this case was filed only nine months ago, and was originally placed on a very short discovery schedule. The requested extension does not expand the total time for discovery to an unusual extent.

Second, the requested extension is only for three months and only two additional requests for production have been requested.

Third, there is newly discovered information which, in Plaintiffs' view, calls into question the truthfulness of Defendant's prior representations to Plaintiffs. See Helmer Affidavit, ¶¶ 8-10.

Finally, there is newly discovered information that suggests Defendant may have destroyed evidence on his laptop's hard drive that would prove (or disprove) the Plaintiffs' allegations of infringement. Helmer Affidavit, ¶ 9. While Plaintiffs are not currently asserting a claim based on spoliation of evidence, the Plaintiffs are very concerned about the Defendant's treatment of the laptop computer in question and believe further discovery to explore this issue is appropriate.

Neither party will be prejudiced by the requested relief. The Parties have, to date, avoided many of the typical burdens associated with civil discovery and a brief extension to permit the completion of limited and clearly defined fact discovery will impose no undue burden on the Defendant. Indeed, the additional discovery has the potential to benefit both Parties, by

leading to a clarification of certain open issues that could result in resolution of this matter prior to trial.

THEREFORE, the Plaintiffs respectfully request that the parties be permitted to continue fact discovery for three (3) months, until August 31, 2005, that the Court extend the other case deadlines in this matter proportionately, and permit Plaintiffs to serve two additional requests for production upon Defendant during the extended discovery period.

Respectfully submitted,

CAPITOL RECORDS, INC., WARNER BROS. RECORDS, INC., ARISTA RECORDS, INC., BMG MUSIC, SONY MUSIC ENTERTAINMENT, INC., and UMG RECORDINGS, INC.,

By their attorneys,

/s/ Colin J. Zick
Colin J. Zick  (BBO #556538)
Gabriel M. Helmer (BBO #652640)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA  02210
(617) 832-1000
ATTORNEYS FOR PLAINTIFFS

**CERTIFICATION OF COUNSEL**

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that on May 27, 2005 counsel for the Plaintiffs attempted to confer with Michael T. Gaffney, Esquire, counsel for Jim Fitzpatrick in a good faith attempt to resolve the issues raised in this motion and was unable to resolve this matter.

/s/ Colin J. Zick
Colin J. Zick

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of May, 2005, I caused a true copy of the above document to be served upon Michael T. Gaffney, Esquire, counsel for Jim Fitzpatrick by facsimile and mail.

/s/ Colin J. Zick
Colin J. Zick