UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware Corporation; WARNER BROS. RECORDS, INC., a Delaware Corporation; ARISTA RECORDS, INC., a Delaware Corporation; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT, INC., a Delaware Corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>v.<br><br>JIM FITZPATRICK,<br><br>            Defendant. | CIVIL ACTION No. 04-CV-40168 FDS |

## AFFIDAVIT OF COLIN J. ZICK, ESQ.

I, Colin J. Zick, do depose and state as follows:

1. I am one of the counsel for Plaintiffs in the above-captioned matter. On November 23, 2004, the Court conducted a status conference in this matter. At the conference, the Court issued a Scheduling Order setting a date of April 30, 2005 for the parties to complete all non-expert related depositions and fact discovery. The Court's order stated that the deadlines set forth in the Court's Order may be modified upon a showing of good cause.

2. Throughout the fact discovery period, the Defendant has maintained that he was misidentified by Plaintiffs in connection with the activities described in the Complaint and that the conduct at issue in this matter was committed by other individual(s) unknown to him. See Defendant's Response to Plaintiffs' Interrogatory No. 7 (Interrogatory: "IDENTIFY all PERSONS who utilized an ONLINE MEDIA DISTRIBUTION SYSTEM on YOUR

B3041987.1

COMPUTER during the last two years, including but not limited to any PERSON who downloaded music to YOUR COMPUTER."; Response: "I am unaware of any such person or act.").

3. Between December 2004 and the present, the Parties worked cooperatively to collect facts that might permit a negotiated resolution of this matter. In this regard, between December 2004 and April 2005, the Parties engaged in formal and informal discovery to attempt to substantiate the Defendant's version of events. The discovery sought was limited because of the nature of Defendant's representations and the parties shared desire to avoid incurring significant legal expenses.

4. On April 29, 2005, the Plaintiffs, with the assent of the Defendant, moved the Court for a brief extension of the fact discovery period in order to complete the Parties' planned resolution to this matter. On the same day, the Court allowed the Plaintiffs' motion, extending the deadline for fact discovery until May 29, 2005.

5. Between the end of April and through May 2005, the Parties discussed arrangements for a professional inspection of the Defendant's laptop computer by an independent forensic computer expert. Plaintiffs also sought additional informal discovery from the Defendant to confirm that his computer systems were not involved in the infringing activity at the core of this case. In connection with this planned resolution, the Defendant provided further factual details to the Plaintiffs.

6. The Defendant continuously maintained that at all times relevant to this lawsuit, the only computer that has been in his possession, custody or control is a laptop computer provided to him by his employer, Aventis Pharmaceuticals, Inc. See Defendant's Response to Plaintiffs'

Interrogatory No. 3 (Interrogatory: "IDENTIFY the owner of YOUR COMPUTER"; Response; "Adventis [sic] Pharmaceuticals").

7. On May 17, 2005, the Defendant's counsel confirmed that in early December 2004, after this lawsuit was filed and served, but prior to the start of fact discovery, the Defendant provided said laptop computer to his employer, who removed or overwrote the contents of the laptop computer's hard drive, thereby destroying critical evidence of the alleged infringement.

8. Also on May 17, 2005, the Defendant's counsel provided additional information to Plaintiffs that confirmed that the alleged infringements occurred at the Defendant's residence, through the Defendant's current means of internet access, a cable modem. In particular, Defendant's counsel has confirmed that the Defendant's cable modem possesses a unique identifier, the Media Access Control or MAC address, that has been identified and confirmed by his Internet service provider ("ISP") as the same MAC address of the device used during the activities described in the Complaint. This evidence establishes that, contrary to the Defendant's prior representations, the alleged infringements occurred at the Defendant's residence, using the Defendant's cable modem.

9. Since the discovery of the facts cited in paragraph 8, Plaintiffs have:

- noticed the deposition of the Defendant;
- issued a subpoena duces tecum to the Defendant's employer (the owner of the laptop computer Defendant claims he utilized during the relevant time period); and
- issued a subpoena duces tecum to the Defendant's ISP.

10. On May 27, 2005, Defendant's counsel refused to allow Plaintiffs to inspect the Defendant's computer or to depose Defendant.

Signed under the pains and penalties of perjury, this 27th day of May, 2005.

_____
Colin J. Zick