UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware Corporation; WARNER BROS. RECORDS, INC., a Delaware Corporation; ARISTA RECORDS, INC., a Delaware Corporation; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT, INC., a Delaware Corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>     Plaintiffs,<br><br>v.<br><br>JIM FITZPATRICK,<br><br>     Defendant. | CIVIL ACTION No. 04-CV-40168 FDS |

## DEFENDANT, JIM FITZPATRICK'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND STATEMENT OF LEGAL ELEMENTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Now comes the Defendant, Jim Fitzpatrick, and hereby submits, pursuant to Rule 56 of the Federal Rule of Civil Procedure, this statement of undisputed material facts and statement of legal elements in support of his Motion for Summary Judgment.

### Statement of Material Undisputed Facts

<u>(Attachment A – Affidavit of Jim Fitzpatrick, Defendant's Answers to Admissions and Interrogatories)</u>

1. Defendant is 43 years old, divorced, with two children that reside with their mother.

2. Defendant is a pharmaceutical sales representative with Aventis Pharmaceuticals where he has been employed for the past 8 years.

3. Defendant's employer provides him with a laptop computer with which to carry out his employment duties.

- 2 -

4. Said laptop is identified as an IBM Thinkpad T22, Serial #78GZFC4.

5. Defendant was issued said laptop computer approximately 3 years prior to this litigation.

6. At all relevant times to this litigation, defendant did not have any other computer whatsoever, to include any computer in his possession, ownership or control by any means.

7. With exception to service upgrades, mechanical failure and other incidences requiring the defendant to return his laptop to his employer, said laptop has been in his constant and exclusive care, custody and control.

8. With the exception of his employer as stated in #6, no other party has had permissive access to said laptop.

9. Defendant denies that he has allowed use of or is aware of the use of said laptop by any other party, to include family.

10. Defendant denies that he has ever downloaded, made use of or accessed music files.

11. Defendant denies that he downloaded, made use of or accessed the music files as the plaintiff claims.

12. Defendant denies that he has ever used the screen name Renee@KaZaA.

13. Defendant denies that he has ever downloaded, made use of or accessed the songs alleged in plaintiff's complaint under exhibits A or exhibit B and further states that such songs as "Barbie Girl" and "Shake Your Bon-Bon" are completely inconsistent with his age and social status.

14. Defendant denies all knowledge or participation in and of the allegations in the plaintiff's complaint.

<u>(Attachment B – Affidavit of Richard P. Simon, Hard Drive Forensics)</u>

15. That a complete forensics survey was completed on the drive of the Defendant's laptop on June 7, 2005.

16. That the forensics survey found no deleted files related to or recoverable with respect to any music folders and or usual and customary music related file extensions.

17. The in the reviewer's best professional judgment, there is no reasonable basis to conclude that there were any files or folders current or past on this particular hard drive that has any relevance to music files.

(Attachment C – Plaintiff's Answer's to Defendant's Request for Productions)

18. Plaintiff is unable to produce documents evidencing that the defendant made available PLAINTIFFS' SCHEDULE 1 RECORDINGS via an online media distribution system.

19. Plaintiff is unable to produce documents evidencing that the defendant continued to make available via an online media distribution system at least some of PLAINTIFFS' EXHIBIT A RECORDINGS or PLAINTIFFS' SCHEDULE 1 RECORDINGS after receiving the Complaint in this action.

20. Plaintiff is unable to produce documents evidencing that an online media distribution system was downloaded to the defendant's computer.

21. Plaintiff is unable to produce documents evidencing that the defendant used the user screen name Renee@KaZaA while connected to an online media distribution system.

22. Plaintiff is unable to produce documents evidencing that the defendant subscribed to the Internet service provided by Charter Communications, Inc., that connected him to the Internet as of December 2, 2003.

**Statement of Legal Element**

1. Summary Judgment is appropriate where there are no genuine issues of material fact and where the summary judgment entitles the moving party to judgment as a matter of law. In reviewing a grant of summary judgment by the district court, the court looks to the pleadings and supporting materials submitted by the parties in order to determine whether or not an issue exists that requires a trial for its resolution. Fed.R.Civ.P. 56(c); *Daury v. Smith*, 842 F.2d 9, 11 (1st Cir. 1988); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904, 96 S. Ct. 1495, 47 L. Ed. 2d 754 (1976). The inferences to be drawn from the underlying facts contained in the materials submitted by the moving party must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369

U.S. 654, 655, 8 L. Ed. 2d 176, 82 S. Ct. 993 (1962); *Hahn v. Sargent*, 523 F.2d at 464. If the moving party has met its initial burden, the opposing party may not rely on a general denial as the basis for a favorable inference; it "must set forth *specific facts* showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); *Daury v. Smith*, 842 F.2d at 11. As the Court has said: "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986) (footnote omitted). The test for whether an opposing party has established a genuine issue for trial is whether it "presents evidence from which a jury might return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 257; *Daury v. Smith*, 842 F.2d at 11.

2. The standard by which courts will grant Summary Judgment are set forth in Rule 56 of the Federal Rules of Civil Procedure, Rule 56(c) states that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

3. Summary judgment is an appropriate vehicle for disposing of a case where the party opposing the motion has no reasonable expectation of proving an essential element of that party's case.

THE DEFEDANT,
by his attorney,

June 11, 2005

Michael T. Gaffney, Esq.
BBO# 651957
390 Main Street, Suite 543
Worcester, MA 01608
(508) 770-1007