# ATTACHMENT C

Case 4:04-cv-40168-FDS    Document 15-4    Filed 06/14/2005    Page 1 of 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation; WARNER BROS. RECORDS, INC., a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT, INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> JIM FITZPATRICK, <br><br> Defendant. | CIVIL ACTION No. 04-CV-40168 FDS |

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs Capitol Records, Inc., Warner Bros. Records Inc., BMG Music, Sony Music Entertainment, Inc., and UMG Recordings, Inc. ("Plaintiffs") hereby respond to the First Set of Requests for Production of Documents of Defendant Jim Fitzpatrick ("Defendant") as follows:

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

These responses are made solely for the purposes of this action. Any document provided in response to any particular Request for Production ("Request") is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and all other objections on any grounds that would permit or require the exclusion of the document if such were offered in evidence, all of which objections and grounds hereby are expressly reserved and may be

interposed at time of trial or in response to any motion or application that may be made by any party.

Plaintiffs object to the Requests as a whole to the extent that they request documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

Plaintiffs object to the Requests as a whole on the ground that they are premature, in that discovery in this action is continuing, and additional documents may be discovered in the future that conceivably could be responsive to one or more of the Requests propounded by Defendant. Plaintiffs reserve all rights to rely at trial or for any purposes in connection with this action, all documents, whether or not provided in response to any particular Request.

No incidental or implied admissions are intended by the responses herein. The fact that Plaintiffs have responded to or provided documents in response to any particular Request is not intended, and shall not be construed as, a waiver by Plaintiffs of any part of any objection to any such Request, any other request, or any part of any General Objection.

## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Copies of all documents evidencing that the Plaintiffs own a copyright in one of more of PLAINTIFFS' EXHIBIT A RECORDINGS, listed on Exhibit A attached to the Complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiffs object to this Request on the grounds that it is overbroad and it calls for documents that are not relevant to any claim or defense in the action, it is oppressive, burdensome and harassing, and it calls for information protected by the attorney-client privilege and/or the work-product doctrine. Plaintiffs also object to the phrase "evidencing" as vague and ambiguous. Without waiving any objections, Plaintiffs have previously produced copies of the Certificates of Registration for each sound recording listed on Exhibit A to the Complaint. See documents Bates-labeled "Capitol Records v. Fitzpatrick Plaintiffs' 000001-76".

**REQUEST FOR PRODUCTION NO. 2:**

Copies of all documents evidencing that the Plaintiffs listed on SCHEDULE 1 as owning a copyright in one or more of PLAINTIFFS' SCHEDULE 1 RECORDINGS, does own or control exclusive rights to the copyright in each such sound recording next to which the Plaintiff is listed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs object to this Request on the grounds that it is overbroad and it calls for documents that are not relevant to any claim or defense in the action, it is oppressive, burdensome and harassing, and it calls for information protected by the attorney-client privilege

- 3 -

and/or the work-product doctrine. Plaintiffs also object to the phrase "evidencing" as vague and ambiguous. Without waiving any objections, Plaintiffs have previously produced copies of the Certificates of Registration for each sound recording listed on SCHEDULE 1. See documents Bates-labeled "Capitol Records v. Fitzpatrick Plaintiffs' 000001-76".

**REQUEST FOR PRODUCTION NO. 3:**

All documents evidencing that the defendant made available PLAINTIFFS' SCHEDULE 1 RECORDINGS via an online media distribution system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiffs object to the phrase "evidencing" as vague and ambiguous. Also, as discussed in Plaintiffs' General Objections, discovery is ongoing, and thus, this Request is premature. Without waiving any objections, see documents previously produced, Bates-labeled "Capitol Records v. Fitzpatrick Plaintiffs' 000001-76".

**REQUEST FOR PRODUCTION NO. 4:**

All documents evidencing that the defendant continued to make available via an online media distribution system at least some of PLAINTIFFS' EXHIBIT A RECORDINGS or PLAINTIFFS' SCHEDULE 1 RECORDINGS after receiving the Complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiffs object to the phrase "evidencing" as vague and ambiguous. Also, as discussed in Plaintiffs' General Objections, discovery is ongoing, and thus, this Request is premature. Without waiving any objections, see documents previously produced, Bates-labeled "Capitol Records v. Fitzpatrick Plaintiffs' 000001-76".

**REQUEST FOR PRODUCTION NO. 5:**

All documents evidencing that an online media distribution system was downloaded to the defendant's computer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiffs object to the phrase "evidencing" as vague and ambiguous. Also, as discussed in Plaintiffs' General Objections, discovery is ongoing, and thus, this Request is premature. Without waiving any objections, see documents previously produced, Bates-labeled "Capitol Records v. Fitzpatrick Plaintiffs' 000001-76".

**REQUEST FOR PRODUCTION NO. 6:**

All documents evidencing that the defendant used the user screen name Renee@KaZaA while connected to an online media distribution system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiffs object to the phrases "evidencing" and "user screen name" as vague and ambiguous. Also, as discussed in Plaintiffs' General Objections, discovery is ongoing, and thus, this Request is premature. Without waiving any objections, see documents previously produced, Bates-labeled "Capitol Records v. Fitzpatrick Plaintiffs' 000001-76".

**REQUEST FOR PRODUCTION NO. 7:**

All documents evidencing that the defendant subscribed to the Internet service provided by Charter Communications, Inc., that connected him to the Internet as of December 2, 2003.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiffs object to the phrase "evidencing" as vague and ambiguous. Also, as discussed in Plaintiffs' General Objections, discovery is ongoing, and thus, this Request is premature. Without waiving any objections, see documents previously produced, Bates-labeled "Capitol Records v. Fitzpatrick Plaintiffs' 000001-76".

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning this lawsuit or any allegations contained therein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs object to this Request on the grounds that it is overbroad and it calls for documents that are not relevant to any claim or defense in the action, it is oppressive,

burdensome and harassing, and it calls for information protected by the attorney-client privilege and/or the work-product doctrine. Without waiving any objections, see documents previously produced, Bates-labeled "Capitol Records v. Fitzpatrick Plaintiffs' 000001-76".

**REQUEST FOR PRODUCTION NO. 9:**

Each and every document, record and writing concerning, referring, regarding or relating to the allegations contained in the Complaint and Answer in the above matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs object to this Request on the grounds that it is overbroad and it calls for documents that are not relevant to any claim or defense in the action, it is oppressive, burdensome and harassing, and it calls for information protected by the attorney-client privilege and/or the work-product doctrine. Plaintiffs also object to the phrase "concerning, referring, regarding or relating to" as vague and ambiguous. Without waiving any objections, see documents previously produced, Bates-labeled "Capitol Records v. Fitzpatrick Plaintiffs' 000001-76".

**REQUEST FOR PRODUCTION NO. 10:**

Each and every document, record and writing you intend to introduce at the time of trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiffs object to this Request on the grounds that it is premature. Plaintiffs respond that they have not yet identified documents they intend to offer into evidence at trial. In addition, no deadline for identifying such documents has yet been issued by the Court; as such, this Request is premature.

                        CAPITOL RECORDS, INC., WARNER
                        BROS. RECORDS, INC., ARISTA
                        RECORDS, INC., BMG MUSIC, SONY
                        MUSIC ENTERTAINMENT, INC., and UMG
                        RECORDINGS, INC.,

                        Colin J. Zick (BBO #556538)
                        Gabriel M. Helmer (BBO #648090)
                        Foley Hoag LLP
                        155 Seaport Blvd.
                        Boston, MA 02210
                        (617) 832-1000

                        ATTORNEYS FOR PLAINTIFFS

Dated: February 14, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within document was served upon counsel for the Defendant by facsimile and U.S. mail on February 14, 2005.

- 8 -

## CERTIFICATE OF SERVICE

I, Michael T. Gaffney, Esq., do hereby certify that a true copy of the enclosed documents, namely the Defendant's Motion for Summary Judgment, was served via first-class mail, to Attorneys Colin J. Zick, Gabriel M. Helmer, Foley Hoag, LLP, 155 Seaport Boulevard, Boston, MA 02210-2600.

Dated: June 11, 2005

_____
Michael T. Gaffney, Esq.