UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware Corporation; WARNER BROS. RECORDS, INC., a Delaware Corporation; ARISTA RECORDS, INC., a Delaware Corporation; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT, INC., a Delaware Corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>JIM FITZPATRICK,<br><br>                Defendant. | CIVIL ACTION No. 04-CV-40168 FDS |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
FROM CHARTER COMMUNICATIONS**

Pursuant to Federal Rule 45, Plaintiffs Capitol Records, Inc., Warner Bros. Records, Inc., Arista Records, Inc., BMG Music, Sony Music Entertainment, Inc., and UMG Recordings, Inc. (collectively, "Plaintiffs") respectfully moves this Court to enter an order compelling the production of documents and things responsive to Plaintiffs' Subpoena to Charter Communications Inc. ("Charter") dated May 24, 2005. Charter has indicated that it does not oppose this motion and will fully comply with the Subpoena once Plaintiffs have obtained the Court's authorization. While Defendant refuses to provide his consent to Charter's production, he has raised no objection nor moved to quash the Plaintiffs' Subpoena. The Plaintiffs thus respectfully request that the Court issue an order compelling Charter to respond to the Subpoena.

In further support thereof, Plaintiffs state:

1. On May 24, 2005, Plaintiffs issued a third-party subpoena to Charter requesting, among other things, automatically generated records identifying technical details of the Defendant's computer hardware, Internet connections and file transfers during the time of the copyright infringement at issue in this case.

2. On June 2, 2005, Charter objected to the production of responsive documents solely on the grounds that the Cable Act (47 U.S.C. § 551) may subject Charter to liability unless Charter obtains either the accountholder's consent or an order from this Court compelling Charter's response to the Subpoena.  See Exhibit A.

3. On June 8, 2005, counsel for Defendant indicated that he would consider providing consent to Charter's disclosure once another third party, Aventis Pharmaceuticals, had made its production under a similar subpoena also issued on May 24, 2005.  On June 15, 2005, however, Defendant's counsel indicated that his client would not consent to Charter's disclosure.

4. As of the filing of this motion, four (4) weeks have elapsed since service of the Subpoena, Defendant has not objected to the subpoena nor brought a motion to quash, thereby waiving any objections to Charter's disclosure of the requested documents.  See Schweitzer v. Mulvehill, 93 F.Supp.2d 376, 412 (S.D.N.Y. 2000) ("Objections to a non-party subpoena are waived if not made within the time specified by Rule 45(c)(2)(B), that is, generally fourteen days.").

5. On June 16, 2005, counsel for Charter indicated by telephone that Charter does not oppose this motion.

6. The requested documents will establish what computer hardware was used during the copyright infringements at issue in this case.  In particular, the requested documents will

establish whether the Defendant's computer was used and, if so, when and how it was used to infringe the Plaintiffs' copyrights.  The requested discovery is thus very relevant to the subject matter involved in this action and is reasonably calculated to lead to the discovery of admissible evidence.  Indeed, given the expressed positions of the parties, it would appear to be in the interest of all that this information be produced.

WHEREFORE, the Plaintiffs respectfully request that the Court enter an order compelling the production of documents and things responsive to Plaintiffs' Subpoena to Charter Communications Inc. ("Charter") dated May 24, 2005.

> Respectfully submitted,
>
> CAPITOL RECORDS, INC., WARNER BROS. RECORDS, INC., ARISTA RECORDS, INC., BMG MUSIC, SONY MUSIC ENTERTAINMENT, INC., and UMG RECORDINGS, INC.,
>
> By their attorneys,
>
>   /s/ Gabriel M. Helmer
> Colin J. Zick  (BBO #556538)
> Gabriel M. Helmer (BBO #652640)
> FOLEY HOAG LLP
> 155 Seaport Blvd.
> Boston, MA  02210
> (617) 832-1000

Dated:  June 21, 2005                    ATTORNEYS FOR PLAINTIFFS

- 4 -

**CERTIFICATION OF COUNSEL**

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that on June 15 and 16, 2005 counsel for the Plaintiffs attempted to confer with Christin S. McMeley, Esquire, counsel to Charter Communication, and Michael T. Gaffney, Esquire, counsel for Jim Fitzpatrick, in a good faith attempt to resolve the issues raised in this motion and was unable to resolve this matter.

/s/ Gabriel M. Helmer
Gabriel M. Helmer

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of June, 2005, I caused a true copy of the above document to be served upon Michael T. Gaffney, Esquire, counsel for Jim Fitzpatrick, and Christin S. McMeley, Esquire, counsel to Charter Communication, by facsimile and mail.

/s/ Gabriel M. Helmer
Gabriel M. Helmer

FHBOSTON/3049924.3