UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware Corporation; WARNER BROS. RECORDS, INC., a Delaware Corporation; ARISTA RECORDS, INC., a Delaware Corporation; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT, INC., a Delaware Corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>      Plaintiffs,<br><br>v.<br><br>JIM FITZPATRICK,<br><br>      Defendant. | CIVIL ACTION No. 04-CV-40168 FDS |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXTEND THE TIME TO OPPOSE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO EXTEND THE TIME TO FILE THEIR OWN DISPOSITIVE MOTION**

Pursuant to Federal Rule 56(f), Local Rule 16.1(G) and this Court's May 31, 2005 Order, Plaintiffs Capitol Records, Inc., Warner Bros. Records, Inc., Arista Records, Inc., BMG Music, Sony Music Entertainment, Inc., and UMG Recordings, Inc. (collectively, "Plaintiffs") respectfully request two brief extensions of time:

- First, that the Plaintiffs be permitted to take the Defendant's deposition, which deposition was already ordered by the Court on May 31, 2005, *before* Plaintiffs are required to oppose Defendant's motion for summary judgment.

- Second, that the Plaintiffs be granted an extension of fifteen (15) days (from June 30 to July 15), to permit Plaintiffs to file their own dispositive motion following Defendants' scheduled June 29, 2005 deposition.[1]

The Plaintiffs respectfully submit this motion for the Court's expedited review in order to resolve this matter prior to the expiration of the deadlines at issue.

### PROCEDURAL HISTORY

Whether intended or not, the effect of Defendant filing his Motion for Summary Judgment when he did was to foreclose the use of Defendant's own deposition testimony in opposition to that motion. This situation is unfair to the Plaintiffs and is a situation entirely of the Defendant's own creation.

Plaintiffs originally noticed Defendant's deposition for May 31, 2005. See Exhibit A, Notice of Deposition of Jim Fitzpatrick[2]. Defendant declined to attend that deposition, arguing incorrectly (as concluded by this Court at the May 31 Status Conference) that the deposition date was outside the period for discovery. See Exhibit B, Letter from Colin J. Zick to Michael T. Gaffney dated May 27, 2005. On May 31, 2005, in connection with the Plaintiffs' motion to compel and the previously-scheduled Status Conference, this Court ordered Defendant to permit the inspection of his laptop computer and to appear for deposition on or before June 30, 2005. See Court Docket entry dated May 31, 2005.

---

[1] The requested extension of time consists of only nine (9) business days and spans the July 4th holiday, during which time Plaintiffs' counsel have scheduled time away from the office to coincide with the holiday.

[2] Reference to "Exhibit" will be made to the exhibits to the Affidavit of Colin J. Zick in Support of Plaintiffs' Motion to Extend Time Under Rule 56(f), filed herewith.

Shortly after that Status Conference, on June 2, 2005, Plaintiffs proposed dates for the remaining discovery events. See Exhibit C, Letter from Gabriel M. Helmer to Michael T. Gaffney dated June 2, 2005). On June 8, 2005, counsel for Defendant agreed to make the Defendant's laptop computer available for forensic imaging on Saturday, June 11, 2005. On the same day, the Defendant agreed to appear for the deposition ordered by the Court on June 29, 2005. Exhibit E, Letter from Gabriel M. Helmer to Michael T. Gaffney dated June 8, 2005.

On June 11, Defendant's counsel also executed summary judgment papers and an affidavit from Mr. Fitzpatrick; these were filed on June 14. By rule and the Court's Scheduling Order (Court Docket No. 8), Plaintiffs are permitted fourteen days to respond -- which makes the response due on June 28, the day before Mr. Fitzpatrick's rescheduled deposition. Plaintiffs requested additional time in which to respond to the pending Motion for Summary Judgment from the Defendant's counsel, but that request was denied.

Since the May 31, 2005 Status Conference in this matter, Plaintiffs have obtained a forensic copy of Defendant's computer and have begun analyzing that copy, as well as secured the initial response of Defendant's employer, Aventis, to its subpoena duces tecum.[3] Only two items of Plaintiffs' discovery remain outstanding: (1) the deposition of Mr. Fitzpatrick; and (2) production of documents by Charter Communications ("Charter"), the Defendant's Internet service provider, pursuant to a subpoena duces tecum served on May 24, 2005.[4] However, the timing of Defendant's motion has created a situation in which -- without this Court's intervention

---

[3] Upon initial review, certain categories of responsive documents would appear to have been omitted from the Aventis subpoena response. Plaintiffs are currently engaged in discussions with Aventis in this regard.

[4] Plaintiffs expect that upon review of the deposition transcript and the Charter production, as well as the report of its expert regarding Defendant's laptop computer and the materials produced by Aventis pursuant to the subpoena duces tecum upon it, some limited follow-up may be needed to ensure the completeness of these tasks.

-- the Plaintiffs would be prevented from obtaining the benefit of the discovery ordered by the Court on May 31, 2005.

Ironically, Defendant's Motion for Summary Judgment asserts that Plaintiffs are unable to produce evidence necessary to establish Defendant's infringing activities.  So as to avoid a situation in which the Defendant, by failing to appear at a properly-scheduled deposition, can attempt to improve the chances of success of his summary judgment motion, this Court should permit Plaintiffs to complete the outstanding discovery events before requiring Plaintiffs to respond to the pending summary judgment motion.  To force Plaintiffs to address the Defendant's Motion for Summary Judgment without this discovery would reward Defendant for his failure to attend his deposition and make the Court's May 31, 2005 discovery order a nullity.

Furthermore, given Plaintiffs' intent to file their own summary judgment motion, the goal of judicial economy is served by giving Plaintiffs time to review Mr. Fitzpatrick's deposition transcript and provide selected passages to the Court to demonstrate that those elements of Plaintiffs' infringement claims are not in dispute.

### ARGUMENT

I.    **Rule 56(f)'s Provisions for Additional Discovery Are Directly Applicable and Require an Extension of Time to Complete the Outstanding Discovery**

Under Federal Rule of Civil Procedure 56(f), a party faced with a motion for summary judgment may respond to that motion by citing facts essential to its opposition that can be obtained by deposition, if time is granted for that deposition to be taken.  In particular, Rule 56(f) is particularly focused on situations like those presented here, where there is undiscovered, material evidence that is solely within the control of the moving party.  In such circumstances, Rule 56(f) permits the relevant discovery to be had before the motion is heard.  See, e.g, Vivid

Technologies, Inc. v. American Science & Engineering, Inc., 200 F.3d 795, 807 (Fed. Cir. 1999) ("When a party who opposes a Rule 56(f) motion has control of the requested information, this factor 'weighs heavily in favor of relief under Rule 56(f).'") (quoting Reid v. New Hampshire, 56 F.3d 332, 342 (1st Cir. 1995)); Decato v. Travelers Insurance Company, 379 F.2d 796 (1st Cir. 1967) (denying summary judgment where proof of damages was within control of defendants and discovery was not completed).  See Yu v. Nimmervoll, Civil Action No. 98-6759 2001 WL 88217 (S.D.N.Y.) (January 31, 2001) (Granting Rule 56(f) motion and affording Plaintiffs the "opportunity to adequately develop the record" by deposing the named defendants, when the defendants' motion for summary judgment was based on defendants' affidavits).

In making a Rule 56(f) application, the Plaintiffs are entitled "a strong presumption . . . in favor of relief" if they can simply "(1) articulate a plausible basis for the belief that discoverable materials exist which would raise a trial worthy issue and (2) demonstrate good cause for failure to have conducted discovery earlier."  Reid v. New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995). Both of these requirements are met by Plaintiffs in this case.

The outstanding discovery undoubtedly will reveal material which can be used to oppose the Defendant's Motion and will raise trial worthy issues of fact.  For example, while Defendant has submitted sworn statements that he has never downloaded the Plaintiffs' copyrighted music to his laptop computer and never allowed anyone else to access to his computer, other than his employer, see, e.g., Response to Plaintiffs' Interrogatory No. 4, Mr. Fitzpatrick also acknowledges that he and only he used the Internet connection at his home during the time the copyright infringement at issue in this case was occurring.  Despite his denials, the objective evidence gathered to date demonstrates that Mr. Fitzpatrick was involved in the infringing activity at issue; indeed, that the infringement happened in his home, on his computer, using his

cable modem and his Internet account.[5]  Based on this knowledge, the outstanding discovery will be directed to the Defendant's use of the identified cable modem, his computer and the Internet and will advance Plaintiff's claim that the Defendant uploaded and distributed the Plaintiff's copyrighted music.

There will be no additional burden from proceeding with Mr. Fitzpatrick's deposition.  In his summary judgment motion, Defendant has not asked to be relieved of his deposition.  Accordingly, he will be deposed on June 29, regardless of the status of the Defendant's pending Motion for Summary Judgment and Plaintiffs' anticipated motion for summary judgment.  Accordingly, there will be no prejudice to Defendant in granting the requested extension for Plaintiffs to file their opposition to Defendant's Motion for Summary Judgment.

### II.     Defendant's Alleged Spoliation of Evidence is Relevant to the Pending Motion

Permitting completion of the pending discovery also will result in the development of facts relevant to the Defendant's spoliation of evidence.  While Defendant goes to great pains in his Motion for Summary Judgment to argue that his current laptop computer does not contain any infringing files, the Defendant also has stated that in December 2004 -- *after the filing of this lawsuit and shortly before discovery began in this case* -- his computer's hard drive was destroyed and/or completely overwritten at his request (and with it, the infringing copies of

---

[5] In particular, Defendant confirmed that he is sole user of the cable modem bearing the unique MAC address "000A735F34A8."  See Exhibit F, Emails from Michael T. Gaffney to Gabriel M. Helmer dated May 17, 2005 and April 30, 2005.  This unique address was identified by Charter Communications, the Defendant's Internet service provider, as the MAC address corresponding to the cable modem used during the infringement of the Plaintiffs' copyrights.  See Exhibit G, Response to Subpoena dated May 28, 2004.  In addition, Charter also identified a unique MAC address ("000347916CFF") for the computer used in the underlying infringing activities described in the Complaint.  See Exhibit G.  Documents produced by Defendant's employer, Aventis Pharmaceuticals, now confirm that the Defendant was issued a computer with this unique address.  See Exhibit H, Document produced by Aventis Pharmaceuticals.  In sum, this documentary evidence establishes beyond peradventure that the infringement occurred in the Defendant's home, through the Defendant's cable modem and on the Defendant's employer-issued laptop computer, which the Defendant has confirmed has been under his exclusive control during the period at issue.  See Defendant's Statement of Undisputed Material Facts (Court Docket No. 15), ¶¶6-7.

sound recordings).  Apparently, Defendant requested that his employer, Aventis Pharmaceuticals, service his computer without taking any precautions to retain copies of documents relevant to this lawsuit.  See Exhibit F, Email from Michael T. Gaffney to Gabriel M. Helmer dated May 17, 2005 (which includes information provided from Mr. Fitzpatrick by email to his counsel).  If Defendant has indeed destroyed or overwritten his computer's hard drive during the pendancy of this litigation, as it appears under these circumstances, he may have intentionally deprived Plaintiffs of the opportunity to discovery key evidence of his infringement.

The outstanding discovery from Defendant and Aventis will establish the extent to which Defendant has intentionally destroyed evidence stored on his laptop computer.  Defendant's actions in this regard will have a direct impact on determination of the appropriate sanctions for his spoliation of evidence, which could include an inference that the Defendant has in fact infringed the Plaintiffs' copyrights, a limitation on the evidence Defendant may present in summary judgment or the granting of judgment to Plaintiffs.  See, e.g., Perez-Velasco v. Suzuki Motor Company, 266 F.Supp.2d 266, 268 (D.P.R. 2003) (precluding party from presenting expert evidence based upon inspection of automobile which was destroyed before the other party's expert could inspect).  Accordingly, the requested discovery is highly likely to be material to the Court's consideration of the Defendant's pending Motion for Summary Judgment.

Under both Rule 56(f) and Local Rule 16.1(G), good cause exists to grant the requested extension of time in order to complete fact discovery.[6]  Plaintiffs appropriately initiated discovery prior to the close of the fact discovery period and the only delay has been caused by

---

[6] In addition, Defendant's Motion for Summary Judgment does not contain the required Local Rule 7.1(A)(2) certification that his counsel conferred in attempt to narrow or resolve the issues presented in the motion.  Absent this certification, his motion is not properly before this Court and should be refiled.  The effect of that refiling would be to extend the due date for Plaintiff's opposition until after Mr. Fitzpatrick's deposition.

the Defendant's baseless, last-minute refusal to respond to Plaintiffs' discovery requests. Moreover, Plaintiffs have diligently sought to obtain the requested discovery during the limited period set forth in the Court's May 31, 2005 order, only to be served with the Defendant's motion before any of the ordered discovery had been completed. As a result, without a limited extension of time, Defendant's filing of its motion will effectively prevent Plaintiffs from obtaining the benefits of the remaining discovery, including the very discovery ordered by this Court on May 31, 2005.

**III.    An Extension of Time for Plaintiffs to File Their Own Motion for Summary Judgment Also Is Warranted By The Present Circumstances**

Under the present schedule, if Plaintiffs wish to file a Motion for Summary Judgment, they must do so by June 30, the day after Mr. Fitzpatrick's deposition. While it is literally possible for Plaintiffs to prepare and file their motion in that time, an extension of fifteen additional days will result in a motion that is more concise and focused, both on the facts adduced from Mr. Fitzpatrick's deposition and their application to the summary judgment standard and to the doctrine of spoliation. Cf. Betts v. Rector & Visitors of Univ. of Va., 939 F. Supp. 461; 1996 U.S. Dist. LEXIS 13678 (September 12, 1996) ("[T]he following aphorism, thought to be attributed to Benjamin Disraeli, comes to the court's mind: 'If I had more time, I'd write a shorter letter.'"). Ultimately, it is in the interest of all that the outstanding issues in this case be raised in as clear and concise manner as possible. The requested extension serves that goal and prejudices no one.

WHEREFORE, the Plaintiffs respectfully request that the Court extend the deadlines for Plaintiffs to oppose Defendant's motion and to file their own dispositive motion be extended

from June 28, 2005 and June 30, 2005, respectively, until July 15, 2005, to permit the completion of pending discovery prior to the exchange of dispositive motions.

|  |  |
|---|---|
|  | Respectfully submitted,<br><br>CAPITOL RECORDS, INC., WARNER BROS. RECORDS, INC., ARISTA RECORDS, INC., BMG MUSIC, SONY MUSIC ENTERTAINMENT, INC., and UMG RECORDINGS, INC.,<br><br>By their attorneys, |
| Dated:  June 22, 2005 | /s/ Colin J. Zick<br>Colin J. Zick  (BBO #556538)<br>Gabriel M. Helmer (BBO #652640)<br>FOLEY HOAG LLP<br>155 Seaport Blvd.<br>Boston, MA  02210<br>(617) 832-1000<br>ATTORNEYS FOR PLAINTIFFS |

**CERTIFICATION OF COUNSEL**

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that on June 21, 2005 counsel for the Plaintiffs attempted to confer with Michael T. Gaffney, Esquire, counsel for Jim Fitzpatrick, in a good faith attempt to resolve the issues raised in this motion and was unable to resolve this matter.

  /s/ Colin J. Zick
Colin J. Zick

FHBOSTON/3049312.9