UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware Corporation; WARNER BROS. RECORDS, INC., a Delaware Corporation; ARISTA RECORDS, INC., a Delaware Corporation; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT, INC., a Delaware Corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>JIM FITZPATRICK,<br><br>                Defendant. | CIVIL ACTION No. 04-CV-40168 FDS |

**AFFIDAVIT OF COLIN J. ZICK IN SUPPORT OF PLAINTIFFS'
MOTION TO EXTEND TIME UNDER RULE 56(F)**

I, Colin J. Zick, being under oath, depose and state as follows:

1. I am an attorney with Foley Hoag LLP, located at 155 Seaport Boulevard, Boston, Massachusetts 02210, and am one of the counsel for Plaintiffs in the above-captioned matter. I am a member of the bar of the Commonwealth of Massachusetts and of this Court, as well as the United States Courts of Appeal for the First and Ninth Circuits, the Supreme Court of the State of New Hampshire and the United States District Court for the District of New Hampshire.

2. I have personal, firsthand knowledge of the facts set forth herein.

3. On May 20, 2005, counsel for Plaintiffs conferred with counsel for the Defendant by telephone and stated that Plaintiffs would be noticing the deposition of the Defendant. During that telephone conversation, counsel for the Defendant stated that he

would provide available dates for the Defendant's deposition between May 23, 2005 and June 8, 2005.  On May 23, 2005, in view of the Parties' mutual willingness to negotiate an acceptable date and time for the deposition, Plaintiffs noticed Defendant's deposition for May 31, 2005.  See Exhibit A, Notice of Deposition of Jim Fitzpatrick dated May 23, 2005.

4. Later that week, Defendant declined to attend the agreed-upon deposition, arguing incorrectly (as concluded by this Court at the May 31 Status Conference) that the noticed deposition date was outside the period for fact discovery.  See Exhibit B, Letter from Colin J. Zick to Michael T. Gaffney dated May 27, 2005.

5. On May 31, 2005, in connection with the Plaintiffs' motion to compel and the previously-scheduled Status Conference, this Court ordered Defendant to permit the inspection of his laptop computer and to appear for deposition on or before June 30, 2005.  See Court Docket entry dated May 31, 2005.

6. Shortly after that Status Conference, on June 2, 2005, Plaintiffs proposed dates for the remaining discovery events.  See Exhibit C, Letter from Gabriel M. Helmer to Michael T. Gaffney dated June 2, 2005.

7. Defendant refused to produce the Defendant's laptop computer for inspection on any of the Plaintiffs' proposed dates, asserting that the laptop computer at issue could not be produced because it was in the custody of Defendant's purported "forensic expert," later identified as Richard P. Simon.  See Exhibit D, Email correspondence from Michael T. Gaffney to Gabriel M. Helmer dated June 2, 2005; Defendant's Statement of Undisputed Material Facts (Court Docket No. 15), Att. B.

8. On June 7, 2005, Richard P. Simon, executed an affidavit stating that he had performed a "forensic survey" of the Defendant's laptop computer between Friday, June 1,

2005 and Tuesday, June 7, 2005.  See Def. Statement of Undisputed Material Facts (Court Docket No. 15), Att. B.

9. On June 8, 2005, counsel for Defendant agreed to make the Defendant's laptop computer available for forensic imaging on Saturday, June 11, 2005.  On the same day, the Defendant agreed to appear for the deposition ordered by the Court on June 29, 2005.  See Exhibit E, Letter from Gabriel M. Helmer to Michael T. Gaffney dated June 8, 2005.

10. On June 11, 2005, Plaintiffs' forensic computer expert obtained a copy (technically referred to as an "image") of the Defendant's laptop computer at the offices of counsel for the Defendant.

11. Also on June 11, Defendant's counsel executed summary judgment papers and an affidavit from Mr. Fitzpatrick; along with the June 7, 2005 affidavit of Mr. Simon, Defendant filed these papers on June 14.  See Defendant's Motion for Summary Judgment and accompanying materials (Court Docket Nos. 14 & 15).

12. By rule and the Court's Scheduling Order (Court Docket No. 8), Plaintiffs are permitted fourteen days to respond -- which makes the response due on June 28, the day before Mr. Fitzpatrick's rescheduled deposition.

13. On June 21, 2005, Plaintiffs requested additional time in which to respond to the pending Motion for Summary Judgment from the Defendant's counsel, but that request was denied.

14. Attached as Exhibit F is a true and correct copy of email correspondence from Michael T. Gaffney to Gabriel M. Helmer dated May 17, 2005 and April 30, 2005.

3

15. Attached as <u>Exhibit G</u> is a true and correct copy of a letter labeled Plaintiffs' 000074-76 from James W. Erwin to K. Lee Marshall dated May 28, 2004, enclosing, in pertinent part, Charter Communications' response to a subpoena dated April 30, 2004t.

16. Attached as <u>Exhibit H</u> is a true and correct copy of a document labeled AVENTIS 0023 which was produced by Defendant's employer, Aventis Pharmaceuticals, in response to Plaintiffs' subpoena dated May 24, 2005.

Signed under the pains and penalties of perjury, this 21st day of June, 2005 at Boston, Massachusetts.

      /s/Colin J. Zick_____
Colin J. Zick

B3052039.2