UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware Corporation; WARNER BROS. RECORDS, INC., a Delaware Corporation; ARISTA RECORDS, INC., a Delaware Corporation; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT, INC., a Delaware Corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JIM FITZPATRICK,<br><br>Defendant. | CIVIL ACTION No. 04-CV-40168 FDS |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO EXTEND THE TIME FOR PLAINTIFFS TO OPPOSE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO EXTEND THE TIME TO FILE THEIR OWN DISPOSITIVE MOTION AND CROSS MOTION FOR A PROTECTIVE ORDER**

NOW COMES the Defendant, Jim Fitzpatrick, and opposes the plaintiff's emergency motion to extend the time for filing an opposition to the defendant's motion for summary judgment and to file their own dispositive motion and files this cross motion for a protective order. As reasons for, defendant states as follows:

1. F.R.C.P. Rule 56(b) states that "A party against whom a claim. . . is asserted. . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof;"

2. That the defendant could have advanced this matter for summary judgment at any time;

3. That by order of this court on November 23, 2004, all dispositive motions must be filed by June 30, 2005;

4. That currently two law firms and three attorneys are handling this matter for the plaintiffs;

5. That counsel for the plaintiffs have been aware of the deadlines for filing dispositive motions since November 23, 2004 or more than seven months;

6. That counsel for the plaintiffs have and continue to seek additional time for discovery and for dispositive motions despite the scheduling order;

7. That counsel for the plaintiffs seeks to avoid its responsibility for adhering to the scheduling order stating that counsel for the defendant has prevented them from obtaining fact discovery on May 31, 2005; however, it was counsel for defendant that agreed to continue fact discovery for an additional 30 days beyond the scheduling order wherein fact discovery was to be completed by April 30, 2005;

8. That counsel for the plaintiffs requested the extension of fact discovery for the purposes of drafting a settlement agreement and in consideration of the same, counsel for the defendant agreed to a 30 day extension from April 30, 2005 to May 30, 2005;

9. That counsel for the plaintiffs had a change of heart with regards to settlement and the matter regarding extension of time for fact discovery was heard at the May 31, 2005 Status Conference without the opportunity for counsel for the defendant to prepare, nor had counsel for the defendant received the affidavit of counsel for the plaintiff at said hearing;

10. That upon review of the affidavit of counsel for the plaintiff which constituted the basis for the allowance of its motion for additional time for a full deposition of the defendant, counsel for the defendant noted that counsel for the plaintiff claimed not to have been

aware of repair to the subject matter laptop until May 17, 2005; however, counsel for the plaintiffs was aware of the same on March 2, 2005. Counsel for the plaintiff was notified of this fact on June 2, 2005 and has refused to correct his affidavit in violation of M.R.P.C. 3.3 Candor Toward the Court and F.R.C.P Rule 11;

11. That the court allowed for a full deposition of the defendant based upon the misrepresentations of plaintiff counsel as the court had initially ruled that the defendant's deposition would be limited to the alleged "new information of May 17, 2005;"

12. That F.R.C.P Rule 56(f) does not apply here as the defendant has submitted his affidavit as to his testimony that would be obtained via a deposition.

13. That to allow plaintiff counsel to obtain duplicative testimony by deposition subverts the purposed of F.R.C.P. Rule 56 in resolving claims without needless and continuous litigation and discovery;

14. That it is the duty of counsel for the plaintiffs to have adequately prepared their case over the course of the past seven months to either advance or defend as summary judgment motion that could have been brought in the responsive pleadings;

15. That the defendant is entitled to seek and end to this costly litigation of discovery and motion practice;

Defendant further states that plaintiff counsel is aware via their expert that the size of the hard drive contained in defendant's laptop would be insufficient to have downloaded the files alleged in the plaintiff's complaint Exhibits A and Exhibits B; therefore plaintiffs continued pursuit of this matter is in violation of F.R.C.P. Rule 11.

WHEREFORE, defendant respectfully requests that the plaintiff's request to extend the deadline to oppose and file a dispositive motion be denied and that the deposition of the defendant not be had.

                                    THE DEFEDANT,
                                    by his attorney,

Dated:    June 22, 2005

                                     _____
                                    Michael T. Gaffney, Esq.
                                    BBO# 651957
                                    390 Main Street, Suite 543
                                    Worcester, MA 01608
                                    (508) 770-1007

## CERTIFICATE OF SERVICE

I, Michael T. Gaffney, Esq., do hereby certify that a true copy of this document, was served via first-class mail, to Attorneys Colin J. Zick, Gabriel M. Helmer, Foley Hoag, LLP, 155 Seaport Boulevard, Boston, MA 02210-2600 ~~and via email to ghelmer@foleyhoag.com~~.

Dated:    June 22, 2005

                                    _____
                                    Michael T. Gaffney, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware Corporation; WARNER BROS. RECORDS, INC., a Delaware Corporation; ARISTA RECORDS, INC., a Delaware Corporation; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT, INC., a Delaware Corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>JIM FITZPATRICK,<br><br>                Defendant. | CIVIL ACTION No. 04-CV-40168 FDS |

## DEFENDANT COUNSEL'S NOTICE OF UNAVAILABLITY

Now comes the Defendant's counsel, Michael T. Gaffney and notifies this court as follows:

1. Counsel for the defendant has a short vacation planned and paid for to New Hampshire for an extended weekend including June 23 and June 24, 2005.

2. Counsel for the defendant does not have an associate or affiliate that could attend any emergency motion in his absence.

3. Counsel for the defendant is available the morning of June 27, 2005 as he is expected in Massachusetts Superior Court at 2:00PM and the day of June 28, 2005.

Wherefore, defendant's counsel prays that a hearing on the emergency motion not be had on June 23, 2005 or June 24, 2005.

                                              THE DEFEDANT,
                                              by his attorney,

June 22, 2005

                                              Michael T. Gaffney, Esq.
                                              BBO# 651957
                                              390 Main Street, Suite 543
                                              Worcester, MA 01608
                                              (508) 770-1007

## CERTIFICATE OF SERVICE

I, Michael T. Gaffney, Esq., do hereby certify that a true copy of this document, was served via first-class mail, to Attorneys Colin J. Zick, Gabriel M. Helmer, Foley Hoag, LLP, 155 Seaport Boulevard, Boston, MA 02210-2600 ~~and via email to ghelmer@foleyhoag.com~~.

Dated:    June 22, 2005

                                              Michael T. Gaffney, Esq.