UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware Corporation; WARNER BROS. RECORDS, INC., a Delaware Corporation; ARISTA RECORDS, INC., a Delaware Corporation; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT, INC., a Delaware Corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JIM FITZPATRICK,<br><br>Defendant. | CIVIL ACTION No. 04-CV-40168 FDS |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**PRODUCTIONS OF DOCUMENTS FROM CHARTER COMMICATIONS**

Now comes the Defendant, Jim Fitzpatrick, and opposes the plaintiff's motion to compel. As reasons for, defendant states as follows:

1. That by order of this court, all discovery was to be completed by May 31, 2005;

2. Plaintiff served a subpoena for documents upon Charter Communications to which the effective date of compliance was after the May 31, 2005 timeline;

3. That at Status Conference on May 31, 2005 this court heard the plaintiff's argument requesting the authority to subpoena documents beyond the May 31, 2005 timeline and declined to rule on the same;

4. That at said Status Conference, defendant counsel objected to the subpoena of Charter Communications as the court declined to rule on the same, counsel for defendant is not required to bring forth any motion to quash and has not waived his objections as alleged by the plaintiffs counsel;

- 2 -

5. That defendant counsel did not advise plaintiff counsel that he would consider allowing for the subpoena against Charter Communications;

6. That counsel for the plaintiffs have been aware of the deadlines for fact discovery since November 23, 2004 or more than seven months;

7. That counsel for defendant has cooperated with counsel for the plaintiff and agreed to continue fact discovery for an additional 30 days beyond the scheduling order wherein fact discovery was to be completed by April 30, 2005; however, counsel for the defendant endlessly requests further time, further discovery and further costs to the defendant;

8. That counsel for the plaintiffs has advised counsel for the defendant that the defendant's computer has already been identified as to its hardware and internet access; therefore the stated purpose of the plaintiffs' is misleading as said information is already in the possession of the plaintiffs and is duplicative and unnecessary;

9. That at deposition of the defendant on June 29, 2005, counsel for the plaintiffs maintained that the plaintiffs have obtained the information necessary to prove the defendant's hardware and internet access; therefore the stated purpose of the plaintiffs' has been met and further information is duplicative, overly broad and intended to harass.

Wherefore, the Defendant respectfully requests that the Court deny the Plaintiff's Motion to Compel Production of Documents from Charter Communications.

        THE DEFEDANT,
        by his attorney,

June 29, 2005

Michael T. Gaffney, Esq.
BBO# 651957
390 Main Street, Suite 543
Worcester, MA 01608
(508) 770-1007

## CERTIFICATE OF SERVICE

I, Michael T. Gaffney, Esq., do hereby certify that a true copy of the enclosed documents, namely the Defendant's Opposition to Plaintiffs' Motion to Compel Production of Documents from Charter Communication, was served via first-class mail, to Attorneys Colin J. Zick, Gabriel M. Helmer, Foley Hoag, LLP, 155 Seaport Boulevard, Boston, MA 02210-2600.

Dated: June 29, 2005

_____
Michael T. Gaffney, Esq.