UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CAPITOL RECORDS, INC.**, a Delaware Corporation; **WARNER BROS. RECORDS, INC.**, a Delaware Corporation; **ARISTA RECORDS, INC.**, a Delaware Corporation; **BMG MUSIC**, a New York general partnership; **SONY MUSIC ENTERTAINMENT, INC.**, a Delaware Corporation; and **UMG RECORDINGS, INC.**, a Delaware corporation,<br><br>   Plaintiffs,<br><br>   v.<br><br>**JIM FITZPATRICK,**<br><br>   Defendant. | Civil Action No.<br>04-40168-FDS |

MEMORANDUM AND ORDER CONCERNING
DISCLOSURE OF CABLE SUBSCRIBER RECORDS

**SAYLOR, J.**

Plaintiffs Capitol Records, Inc., Warner Bros. Records, Inc., Arista Records, Inc., BMG Music, Sony Music Entertainment, Inc., and UMG Recordings, Inc. have moved for an order compelling production of documents and objects by Charter Communications, Inc., in response to a subpoena issued by plaintiffs pursuant to Rule 45 of the Federal Rules of Civil Procedure. Charter does not oppose the issuance of the order, but takes the position that a court order is necessary under the Cable Act, 47 U.S.C. § 551, which generally prohibits disclosure of subscriber information without the consent of the subscriber or a court order. Charter did not object or move to quash the subpoena pursuant to Fed. R. Civ. P. 45(c)(2)(B).

Defendant Fitzpatrick opposes the motion to compel on the grounds that the discovery deadline was May 31, 2005, and the subpoena was not issued until May 24; that the deadline was already extended once, by agreement; and that plaintiffs do not need the requested information, and that therefore it is duplicative, unnecessary, and interposed for harassment.

The subpoena itself was not attached to plaintiffs' motion, and therefore the Court cannot ascertain the date specified in the subpoena for compliance. The letter from Charter setting forth its written objection under Fed. R. Civ. P. 45(c)(2)(B) was dated June 2, 2005, which suggests that the return date was after May 31. The Court also cannot tell whether the subpoena was in fact overbroad or duplicative, although Charter makes no such claim.

Under the circumstances, the only apparent reason to deny the motion would be in order to enforce strictly the discovery cut-off date. That is not an insignificant reason, and counsel for plaintiff has given no reason why they waited until one week before the cut-off to serve the subpoena. Nonetheless, the evidence appears to be relevant, the witness appears willing to provide the information, and the marginal cost to defendant (since there is no suggestion that Charter will be deposed) is slight. Accordingly, in the exercise of its discretion, the Court will grant the motion to compel.

For the foregoing reasons, pursuant to 47 U.S.C. § 551, Charter Communications shall provide the items requested in the subpoena from plaintiffs Capitol Records, et al., dated May 24, 2005, to counsel for the plaintiffs within ten days of the receipt of this order. Counsel for plaintiffs shall ensure that counsel for defendant is provided with a copy of any such items in an expeditious manner.

**So Ordered.**

                                                /s/ F. Dennis Saylor  
                                                F. Dennis Saylor IV  
Dated: July 8, 2005                         United States District Judge