UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) <br> CAPITOL RECORDS, INC., ET AL. ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JIM FITZPATRICK, ) <br>     Defendant. ) <br> _____ ) | Civ. Action No. 04-40168-FDS |

MOTION FOR ENTRY OF PROTECTIVE ORDER BY SANOFI-AVENTIS GROUP
(ASSENTED-TO BY DEFENDANT) AND SUPPORTING MEMORANDUM

    Pursuant to Rule 26(c)(7), Fed.R.Civ.P., sanofi-aventis Group ("SAG"), an interested party in this litigation, hereby respectfully moves the Court for entry of a protective order in the form attached hereto regarding certain discovery defendant Jim Fitzpatrick produced in this case. In brief, Fitzpatrick is an employee of SAG. In the course of discovery in this action, Fitzpatrick produced confidential business information of SAG to the plaintiffs, which information is not relevant to the merits of this litigation. This motion seeks to preserve the confidentiality of that confidential business information. Defendant Fitzpatrick assents to this motion.

    As further grounds for this motion, SAG states as follows:

    1.    This action was instituted on or about August 25, 2004. It involves a claim by the plaintiffs that Fitzpatrick allegedly infringed copyrights of the plaintiffs in violation of 17 U.S.C. §101 et seq. by downloading music files using a laptop computer.

    2.    Defendant Fitzpatrick is a sales representative employed by Aventis Pharmaceuticals, Inc., an affiliate of SAG. The laptop allegedly used to conduct the downloading at issue in this action was a SAG laptop.

1

3.     That laptop contained confidential business information of SAG, including information regarding Fitzpatrick's sales efforts, as well as proprietary information regarding SAG's products and business, which SAG protected, and continues to protect, from public disclosure (hereinafter, "the Confidential Business Information"). Unrestricted release of that information would harm SAG's business and competitive position.  See Affidavit in Support of sanofi-aventis Group's Motion for Entry of Protective Order, enclosed.

5.     During the course of discovery, Fitzpatrick provided a complete copy, or "image," of the hard drive of his laptop to plaintiffs, which included the Confidential Business Information.

6.     SAG moves pursuant to Rule 26(c)(7), Fed.R.Civ.P., for a protective order to preserve the confidentiality of SAG's Confidential Business Information. Rule 26(c) states in relevant part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court where the action is pending … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> …
> (7) that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way.

7.     Justice requires that an appropriate protective order be issued.  SAG's Confidential Business Information is not relevant to this case, but is involved only because it exists on the computer which allegedly was used to download music. However, the unrestricted disclosure of the Confidential Business Information would

2

damage the commercial interests of SAG. There is thus good cause for the protective order in this case. Indeed, in a typical case, "courts generally balance the harm to the [party holding the trade secret] against the relevance of and necessity of the information." Multi-Core, Inc. v. Southern Water Treatment, 139 F.R.D. 262, 264 (D. Mass. 1991)(citation omitted); see also, e.g., Bruno & Stillman, Inc. v. Globe Newspaper Co., 633 F.2d 587, 597 (1st Cir. 1980) (where confidential information is sought in discovery, the burden is on the party seeking discovery to show that it is relevant)(citation omitted); 8 C. Wright & A. Miller, Federal Practice and Procedure §2043 at 560 (West 1994) ("If the party seeking discovery fails to show that the trade secret or other confidential information it is seeking is necessary and relevant, discovery will be denied"). In such a case, this Court has protected from public disclosure confidential business information. See, e.g., Multi-Core, 139 F.R.D. at 264. Here, SAG's Confidential Business Information is not relevant and public release of the Confidential Business Information would significantly harm SAG's legitimate commercial interests. See, e.g., United States ex rel. Purcell v. MWI Corp., 209 F.R.D. 21, 28 (D.D.C. 2002) (good cause shown where company asserted that unrestricted release of commercial information would be detrimental to its competitive position and would cause significant commercial harm). A Protective Order is thus particularly appropriate.

8. The requested Protective Order protects against further disclosure of the Confidential Business Information.

9. SAG, through counsel, has conferred with counsel for defendant, who assents to this motion. As reflected in the certification below, SAG has also conferred with counsel for the plaintiffs as reflected in the docket sheet, as well as with Linda

Zirkelbach, Esq. also counsel for the plaintiffs. The undersigned understands that new counsel for the plaintiffs will be entering an appearance in this matter. That counsel is Scott H. Bauman, Esq., of Mitchell, Silberberg & Knupp, 11377 West Olympic Blvd., Los Angeles, California, 90064. The undersigned conferred with Mr. Bauman on July 13, 2005, and made changes to the proposed Protective Order as the result of that conference. Mr. Bauman, however, has not assented to this motion as of this date.

WHEREFORE, based on the foregoing, SAG respectfully requests that this Court allow this motion and enter the proposed Protective Order.

Respectfully Submitted,

SANOFI-AVENTIS GROUP

By its attorney,

 /s/ Michael D. Ricciuti
MICHAEL D. RICCIUTI (BBO No. 550771)
KIRKPATRICK & LOCKHART NICHOLSON
GRAHAM LLP
75 State Street
Boston, MA  02109-1808
(617) 261-3100

### CERTIFICATION OF CONFERENCE

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that on various dates between July 7 and 11, 2005, counsel conferred with Gabriel M. Helmer, Esq.; on July 11 through 13, 2005, conferred with Linda Zirkelbach, Esq., counsel for plaintiffs; and on July 13, 2005, conferred with Scott H. Bauman,. Esq., counsel for plaintiffs, in a good faith attempt to resolve the issues raised in this motion and was unable to resolve the matter.

/s/ Michael D. Ricciuti

Michael D. Ricciuti

Dated:  July 14, 2005

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____
                                                          )
CAPITOL RECORDS, INC., ET AL.         )
     Plaintiffs,                                      )
                                                          )    Civ. Action No. 04-40168-FDS
v.                                                       )
                                                          )
JIM FITZPATRICK,                              )
     Defendant.                                   )
_____)

PROTECTIVE ORDER

     WHEREAS, defendant Jim Fitzpatrick is an employee of Aventis Pharmaceuticals, Inc., an affiliate of sanofi-aventis Group ("SAG"); and

     WHEREAS, discovery in this action has involved the production of certain confidential business information belonging to SAG contained in the memory of a laptop computer used by Jim Fitzpatrick at SAG, one or more images of the hard drive of that computer, and any printouts or other recordings or representations of the contents of that laptop computer (hereinafter referred to as "the Confidential Business Information");

     IT IS HEREBY ORDERED:

     1.    The Confidential Business Information shall be used only in connection with the preparation for trial, trial of, or appeal in this action and not for any business purpose or other purpose whatsoever by any party.

     2.    The Confidential Business Information may only be given, shown, made available, discussed or otherwise disclosed to the following persons:

     (a)    Counsel for the parties, including paraprofessional and clerical personnel who are employees of counsel for the parties and are actively engaged in preparation of this action;

1

      (b)      The parties to this action and any testifying expert witness or other expert retained to assist in the preparation of the case designated by the parties, provided each such party or expert immediately signs the agreement attached hereto as Exhibit A. Each counsel will collect and maintain executed Exhibits A in his files and promptly provide copies to SAG.[1];

      3.      The person to whom the Confidential Business Information is disclosed in accordance with paragraph 2 shall not in turn further disclose such information to persons other than those described above, except upon written consent of the SAG or upon an order of this Court issued only upon motion served upon SAG.  Any person to whom such further disclosure is made shall first sign the agreement annexed hereto as Exhibit A and an executed copy shall be provided to counsel for SAG prior to such disclosure.

      4.      In giving testimony in this action, including depositions, the parties agree not to disclose the substance of any of the Confidential Business Information.  The parties further agree not to file any pleadings, motions or other documents containing the Confidential Business Information or referencing the substance of the Confidential Business Information.

      5.      If counsel for either party intends to disclose or use in any way the Confidential Business Information in trial or in any pretrial proceeding in any manner of whatever type, then such counsel shall provide opposing counsel and counsel for SAG with at least seven (7) day's prior notice of that intention, during which time opposing counsel and/or SAG may apply to the Court for an appropriate order, including an order that the Confidential Business Information shall only be heard by the Court with the public excluded.  Prior to trial or any such pretrial proceeding, the parties or SAG upon motion may seek further appropriate orders as to the use of the Confidential Business Information.

---

[1] Counsel for SAG is Michael D. Ricciuti, Kirkpatrick & Lockhart Nicholson Graham, LLP, 75 State Street, Boston, MA 02109-1808.

3

6. Subsequent to the final disposition of this action, and any appeals therefrom, the parties agree to return to SAG the Confidential Business Information and all copies and extracts thereof of whatever type within ten business days along with a letter certifying that no other copies of the Confidential Business Information have been made and that all of the Confidential Business Information has been returned to SAG.

<u>SO ORDERED</u>:

_____
Hon. F. Dennis Saylor, IV
UNITED STATES DISTRICT JUDGE

Dated:

EXHIBIT A

I, _____, have read the Stipulation and Protective Order issued in <u>Capitol Records, Inc., et al. v. Fitzpatrick,</u> Civil Action No. 04-40168-FDS, and hereby agree to its terms.

_____