UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware Corporation; WARNER BROS. RECORDS, INC., a Delaware Corporation; ARISTA RECORDS, INC., a Delaware Corporation; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT, INC., a Delaware Corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>JIM FITZPATRICK,<br><br>　　　　　　　Defendant. | CIVIL ACTION No. 04-CV-40168 FDS |

**EMERGENCY MOTION FOR EXTENSION OF TIME
TO FILE DISPOSITIVE MOTIONS AND
TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

　　　　　The Plaintiffs hereby request a thirty (30) day extension of the deadline for Plaintiffs Capitol Records, Inc., Warner Bros. Records, Inc., Arista Records, Inc., BMG MUSIC, Sony Music Entertainment, Inc. and UMG Recordings, Inc. (collectively "Plaintiffs") to file dispositive motions, as well as file their opposition to Defendant Jim Fitzpatrick's (Defendant's) Motion for Summary Judgment, from July 22 to August 22, 2005.

　　　　　In support thereof, the Plaintiffs state:

　　　　　1.　On November 23, 2004, the Court conducted a status conference in this matter. At the conference, the Court issued a Scheduling Order setting a date of June 30, 2005 for the filing of dispositive motion.

1708989v1

2. Throughout the course of this litigation, Defendant has repeatedly denied that he engaged in the alleged acts of infringement. Plaintiffs took those denials seriously and engaged in efforts to further investigate Defendant's liability. But when Defendant produced information late in the process which directly linked his cable modem to the acts of infringement, Plaintiffs had no choice but to further investigate their claims. Plaintiffs' further discovery has revealed even more compelling evidence directly linking Defendant to the acts of infringement, including documents from his employer that establish that the computer he possessed on the date the infringement was detected is the computer that was used to engage in the infringement through his cable modem and Internet account. However, as more fully explained below, the hard drive that was in Defendant's possession on the date that infringement was detected still has not been located by his employer.

3. Pursuant to the order of the Court entered on June 28, 2005, the deadline for Plaintiffs to file dispositive motions, as well as their opposition to Defendant's Motion for Summary Judgment was set for July 15, 2005. In an order entered on July 11, 1005, the Court extended such deadline to July 22, 2005, in accordance with the parties' Joint Motion for Extension of Time. Such extension was requested by the parties in order to discuss possible settlement of this matter. Plaintiffs have provided terms of settlement to Defendant. Defendant has made a counter-offer, but the parties still have not reached agreement on the terms of settlement.

4. Plaintiffs are in possession of compelling evidence that directly links Defendant to the acts of infringement and are prepared to file their papers on July 22, 2005, if the Court so determines. But for the reasons described below, additional discovery remains outstanding that might further clarify the issues implicated by the pending motions.

Supplementation of the record by both Plaintiffs and Defendant may be necessary if an additional extension of time is not granted.

      5.    On July 11, 2005, the Court also granted Plaintiffs' Motion to Compel Charter Communications, Inc. ("Charter") to produce documents responsive to Plaintiffs' timely served subpoena within 10 days of entry of the Court's order. Charter's deadline, therefore, for producing documents is July 21, 2005, one day before the current deadline for filing dispositive motions and Plaintiffs' opposition to Defendant's Motion for Summary Judgment.

      6.    On June 15, 2005, Sanofi-Aventis ("Aventis") responded to Plaintiffs' timely served subpoena by producing a set of documents. After having analyzed the documents produced by Aventis, Plaintiffs determined that the production was incomplete, as more fully explained below. Accordingly, Plaintiffs' counsel contacted Sanofi-Aventis on June 23, 2005, to advise it of the deficiencies in its response to the subpoena. Sanofi-Aventis indicated that they would endeavor to cooperate in making a more complete production, but that the person responsible for collecting responsive documents was on vacation and not due to return until after the July 4th holiday weekend.

      7.    On July 7, 2005 outside counsel for Aventis contacted counsel for Plaintiffs seeking their assent to the entry of a protective order to cover the contents of the company hard drive that Defendant had been ordered to produce in this matter for copying and inspection. On July 11, 2005, Plaintiffs secured new counsel, Mitchell, Silberberg & Knupp, to represent them in dealings with Aventis, including the protective order and the outstanding subpoena. On July 14, 2005, Aventis filed a motion for protective order to cover the contents of the hard drive that Defendant produced. Plaintiffs' new counsel is in continuing negotiations with Aventis' counsel concerning the terms of the proposed order.

1708989v1

8. Aventis has indicated that two employees are working full time on responding to Plaintiffs' subpoena and that they expect to produce additional documents and data on a "rolling basis." Discovery that is being sought from Aventis includes production of the hard drive that was in use on the date the Defendant's infringing activity was detected on December 2, 2003, and any back-up tapes for the hard drive that was previously in Defendant's possession. (The documents produced by Aventis confirmed that Defendant was furnished a new hard drive on December 3, 2004, and as such the hard drive produced by Defendant on June 11, 2005, is essentially irrelevant.) To date, despite specific requests that it do so, Aventis has failed to disclose whether the original hard drive still exists, whether it was discarded or recycled, or whether any back up tapes exist. Aventis indicated that it is continuing its efforts to locate Defendant's former hard drive, but that they are not tracked internally and frequently discarded. Further, Aventis' efforts to try to locate the former hard drive have been made more difficult due to its recent merger. Although Plaintiffs are in possession of compelling evidence directly linking Defendant to the infringement alleged in the Complaint, Defendant's former hard drive, if it still exists and has not been wiped or reformatted, will contain evidence directly relevant to Plaintiffs' Motion for Summary Judgment and to Plaintiffs' opposition to Defendant's Motion for Summary Judgment. Although Aventis has indicated that it is willing to continue to cooperate in efforts to locate responsive the hard drive and other responsive information, in the event that Aventis is unwilling to produce the hard drive and/or back-up tapes, Plaintiffs' newly retained counsel will pursue a motion to compel their production. Such motion will be filed promptly upon notice from Aventis that they are unwilling to voluntarily produce the hard drive and/or back-up tapes.

1708989v1

9. Further, Plaintiffs have asked Aventis to produce certain technical service records for Defendant's former computer, including, in particular, service records from January/February of 2004. The Aventis records produced to date indicate that Defendant contacted his IT department in January of 2004, at which time he advised them that he was being "sued by the RIAA" and asked that they check his computer to determine whether the KaZaA program was on his hard drive. Aventis has failed to produce any documents indicating whether such a search of Defendant's hard drive was made and the results of that search.

10. Given the forthcoming Charter discovery response and the outstanding issues with respect to Aventis, granting the requested extension of time to file dispositive motions and to oppose Defendant's Motion for Summary Judgment will further the interests of justice and judicial efficiency. Although Plaintiffs have compelling evidence in their possession directly linking Defendant to the infringing activity, it would be an unnecessary waste of judicial resources to require the parties to brief and argue issues (or to subsequently supplement the record) where further evidence may be revealed from both Aventis and Charter that may further clarify the issues in the case.

CAPITOL RECORDS, INC.; WARNER BROS. RECORDS, INC.; ARISTA RECORDS, INC.; BMG MUSIC; SONY MUSIC ENTERTAINMENT, INC.; and UMG RECORDINGS, INC.

By their attorneys,

/s/ Colin J. Zick
Colin J. Zick  (BBO No. 556538)
Gabriel M. Helmer  (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210-2600
(617) 832-1000

5

1708989v1

Dated:  July 18, 2005

## CERTIFICATION OF COUNSEL

    Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that on July 18, 2005, counsel for the Plaintiffs conferred with Michael T. Gaffney, Esquire, counsel for Defendant, in a good faith attempt to resolve the issues raised in this motion and Mr. Gaffney declined to provide his assent to this Motion.

                                              /s/ Colin J. Zick
                                              Colin J. Zick

1708989v1