UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAPITOL RECORDS, INC., ET AL )<br>    Plaintiffs, )<br>     )<br>v. )<br>     )<br>JIM FITZPATRICK, )<br>    Defendant. )<br>_____) | Civ. Action No. 04-40168-FDS |

AMENDED MOTION FOR ENTRY OF PROTECTIVE ORDER
(ASSENTED-TO BY PLAINTIFFS)

Pursuant to Rule 26(c), Fed.R.Civ.P., sanofi-aventis Group ("SAG") hereby amends its previously-filed motion for entry of a protective order by revising the proposed form of order it had submitted to the Court. That revised form of Order is attached. Plaintiffs' counsel has assented to SAG's motion and the revised proposed Order as attached.

SAG conferred with counsel for defendant with respect to the originally-proposed motion and Order. Defense counsel assented to both. SAG has attempted to obtain defense counsel's assent to the attached revised Order, but has been unsuccessful in reaching him.[1]

---

[1] On July 28, 2005, the undersigned received a message from defense counsel's office that this case would be settled, but did not receive a specific response regarding the proposed Order attached hereto. The undersigned adds that he knows of no reason to believe the defendant would oppose the changes made in the attached proposed Order.

WHEREFORE, SAG respectfully moves that the Court allow SAG's motion for a protective order and issue a protective order in the form attached hereto.

        Respectfully Submitted,

        SANOFI-AVENTIS GROUP

        By its attorney,

        _/s/ Michael D. Ricciuti_
        MICHAEL D. RICCIUTI
        Kirkpatrick & Lockhart Nicholson Graham
        75 State Street
        Boston, MA  02109-1808
        (617) 261-3100
        Bar No. 550771

## CERTIFICATION OF CONFERENCE

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that on July 27, 2005, he attempted to confer with counsel for the defendant, Michael Gaffney, by electronic mail and telephone, but was unable to obtain his assent to the proposed form of Order.

/s/ Michael D. Ricciuti

Michael D. Ricciuti

Dated:  July 28, 2005

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) |  |
| CAPITOL RECORDS, INC., ET AL. | ) |  |
|     Plaintiffs, | ) |  |
|  | ) | Civ. Action No. 04-40168-FDS |
| v. | ) |  |
|  | ) |  |
| JIM FITZPATRICK, | ) |  |
|     Defendant. | ) |  |
| _____ | ) |  |

PROTECTIVE ORDER

WHEREAS, defendant Jim Fitzpatrick is an employee of Aventis Pharmaceuticals, Inc., an affiliate of sanofi-aventis Group ("SAG")[2]; and

WHEREAS, discovery in this action has involved the production of certain confidential business information belonging to SAG, including but not limited to that contained in the memory of a laptop computer used by Jim Fitzpatrick at SAG as well as any other laptop computers or computer hard drives ("the Hard Drives") or other computer storage media produced by SAG in discovery in this litigation; one or more images, back-up tapes, printouts or other recordings or representations of the contents of any such laptop computers, Hard Drives or other computer storage media produced by SAG in this litigation (hereinafter referred to as "the Confidential Business Information"). For the avoidance of doubt, Confidential Business Information does not include any material, data or information which solely reflects the following: (1) when the Hard Drives first became operational; (2) dates and times that files on the Hard Drives were created, accessed, modified or deleted; (3) when Mr. Fitzpatrick was using

---

[2] Counsel for SAG is Michael D. Ricciuti, Kirkpatrick & Lockhart Nicholson Graham, LLP, 75 State Street, Boston, MA 02109-1808.

1

the Internet; (4) file-sharing software (such as Kazaa) currently or previously contained on the Hard Drives or on the hard drive of any other computer currently or previously possessed by Mr. Fitzpatrick; (5) copyrighted sound recordings currently or previously contained on the Hard Drives or on the hard drive of any other computer currently or previously possessed by Mr. Fitzpatrick; and/or (6) documents produced by SAG in this litigation and Bates numbered Aventis 0001 through Aventis 0026.

IT IS HEREBY ORDERED:

1. The Confidential Business Information shall be used only in connection with the preparation for trial, trial of, or appeal in this action and not for any business purpose or other purpose whatsoever by any party.

2. Except for the Court and court personnel, the Confidential Business Information may only be given, shown, made available, discussed or otherwise disclosed to the following persons:

(a) Counsel for the parties, including paraprofessional and clerical personnel who are employees of counsel for the parties and are actively engaged in preparation of this action;

(b) The parties to this action and any testifying expert witness or other expert retained to assist in the preparation of the case designated by the parties, provided each such party or expert immediately signs the agreement attached hereto as Exhibit A. Each counsel will collect and maintain executed Exhibits A in his files, promptly file such documents under seal with the Court and simultaneously notify counsel for SAG when such filing is made.

3. The person to whom the Confidential Business Information is disclosed in accordance with paragraph 2 shall not in turn further disclose such information to persons other than those described above, except upon written consent of the SAG or upon an order of this Court issued only upon motion served upon SAG. Any person to whom such further disclosure is made shall first sign the agreement annexed hereto as Exhibit A and an executed copy shall be maintained in the files of the counsel who supplied the

Confidential Business Information to such person. Counsel will also promptly file such documents under seal with the Court and simultaneously notify counsel for SAG when such filing is made.

      4.      In giving testimony in this action, including depositions, the parties agree not to disclose the substance of any of the Confidential Business Information without first complying with the provisions of paragraph 5 below. The parties further agree not to file any pleadings, motions or other documents containing the Confidential Business Information or referencing the substance of the Confidential Business Information without first complying with the provisions of paragraph 5 below.

      5.      If counsel for either party intends to disclose or use in any way the Confidential Business Information in trial or in any testimony, deposition or pretrial proceeding, pleading or motion or in any manner of whatever type, then such counsel shall provide opposing counsel and counsel for SAG with at least seven (7) day's prior notice of that intention, during which time opposing counsel and/or SAG may apply to the Court for an appropriate order, including an order that the Confidential Business Information shall only be heard by the Court with the public excluded. Prior to trial or any such pretrial proceeding, the parties or SAG upon motion may seek further appropriate orders as to the use of the Confidential Business Information.

      6.      Subsequent to the final disposition of this action, and any appeals therefrom, the parties agree to return to SAG the Confidential Business Information and all copies and extracts thereof of whatever type within ten business days along with a letter certifying that no other copies of the Confidential Business Information have been made and that all of the Confidential Business Information has been returned to SAG,

and further agree that all Exhibit As in the court file be returned to the counsel who filed them.

SO ORDERED:

_____
Hon. F. Dennis Saylor, IV
UNITED STATES DISTRICT JUDGE

Dated:

EXHIBIT A

I, _____, have read the Stipulation and Protective Order issued in <u>Capitol Records, Inc., et al. v. Fitzpatrick,</u> Civil Action No. 04-40168-FDS, and hereby agree to its terms.

_____